UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 18-20804
    Hon. Denise Page Hood

Patrick McGowan.

    Defendant.

_____/

**ORDER DENYING THE GOVERNMENT'S REQUEST TO STAY DEFENDANT'S RELEASE [ECF No. 60]**

On June 24, 2020, the Court granted Defendant Patrick McGowan's Motion for Reconsideration [ECF No. 59] regarding this Court's previous denial of McGowan's Motion to Review Detention Order. [ECF No. 51] On June 25, 2020, the Government requested that the Court stay McGowan's release until June 29, 2020 at 5:00 pm or through the completion of an appeal. [ECF No. 60]

The Government argues that McGowan is still a danger to the community. The Government asserts that the instant case meets the necessary criteria to grant a stay. When reviewing a motion to stay, the court must consider: (1) whether the stay applicant has made a "strong showing that [it] is likely to succeed on the merits"; (2) whether the proponent will be irreparably injured absent a stay; (3)

1

whether the issuance of the stay will substantially injure the other interested parties; and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

The Court finds that overall, the four factors favor denying the stay. As for the first factor, the Court finds that success on the merits is not a given. The Government relies heavily on *United States v. Fox*, No. 17-3673 (6th Cir. Sept. 22, 2017). McGowan distinguishes his case from *Fox*, noting that unlike the defendant in *Fox*, he has no prior criminal history. McGowan also asserts that the Sixth Circuit was heavily influenced by Fox's continued criminal violations while he was under supervision for previous sex offenses involving minors. As McGowan indicates, *Fox* was not decided against the backdrop of a global pandemic heavily affecting prison populations.

The Court finds the second factor also weighs against the Government. The Government will not be irreparably injured because it is still able to file its appeal.

The third factor is most concerning. McGowan has cited credible, serious medical issues. [ECF No. 59, Pg.ID 351] Although there are currently no confirmed cases of COVID-19 at FDC Milan,[1] the Court notes that there may be asymptomatic inmates or staff members. And while the crisis has recently abated,

---

[1] McGowan disputes this claim, noting that there are 12 cases at FCI/FDC Milan. [ECF No. 61, Pg.ID 371] FDC Milan is a separate facility and inmates have not been moving between the two facilities for the past two months.

cases are starting to increase again. McGowan's health is a serious concern that the Court must consider.

Concerning the fourth factor, the Court has put in place safeguards to mitigate McGowan's danger to the community. McGowan would not reside with any minors and would not have access to any electronic devices or social media accounts. The Court has received assurances from McGowan's brother that he will be unable to access electronic communication devices. The Government's assertion that McGowan would violate the Court's Order—despite his brother's assurances—is speculative.

For the reasons stated above,

IT IS HEREBY ORDERED that the Government's Motion to Stay McGowan's release is **DENIED.** [ECF No. 60]

                                              s/Denise Page Hood
                                              Chief Judge

DATED:  June 26, 2020