## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**PATRICK McGOWAN,**

     **Defendant.**

_____/

**Case No. 18-20804**

**Hon. Denise Page Hood**

## ORDER DENYING LETTER-MOTION TO WITHDRAW GUILTY PLEA

### I.    BACKGROUND

On March 16, 2020, Defendant Patrick McGowan ("McGowan") wrote a *pro se* letter to the court, and requested, inter alia, that the court allow him to withdraw his plea of guilty.  (ECF No. 56)  McGowan asserted that the plea was the result of medical duress and his mother's declining health. McGowan requested the court conduct a hearing to allow him to make a record of all of the issues he discussed in his letter, including the reasons for withdrawing his plea.

In August 2020, McGowan filed a *pro se* petition where he explained his displeasure with his counsel's representation, his health concerns, and his conversations with counsel leading up to the plea hearing. (ECF No. 76, PageID.434-35)  In his petition, McGowan stated that MV-1 is a "grown man now," and that he "corrected the court about the minor victim's real age." (*Id*. at PageID.436)

McGowan discussed talking to others within the jail and his mother and wondering if "he should pull the plea deal." McGowan suggested that it was not until after his mother passed away on "March 16, 2020 during [his] grieving process, it [became] clear he must [pull his plea deal]." (*Id*. at PageID.438-39) The court granted McGowan's first attorney's motion to withdraw as counsel and appointed a new defense attorney on August 10, 2020. (ECF No. 74)

## II.    BACKGROUND

In October 2018, McGowan was charged by complaint with producing child pornography under 18 U.S.C. § 2251(a), as well as with receiving and possessing child pornography. (ECF No.1, PageID.1–8) A grand jury indicted him for those same crimes on December 6, 2018. (ECF No. 13, PageID.25–31) On November 19, 2019, McGowan pled guilty pursuant to a written Rule 11 plea agreement to producing child pornography of MV-1. (ECF No.45, PageID.226–28) He also admitted in his plea agreement to producing child pornography with two other minors, each time using a similar modus operandi as he did with MV-1. (ECF No. 45, PageID.229–30) For both of those other victims, McGowan's grooming and production of child pornography occurred after federal agents had originally interviewed him about MV-1. (*See id*.)

The late Honorable Marianne O. Battani presided over the plea hearing. (See ECF No. 69, PageID.401-412) At the plea hearing, McGowan was represented by an

2

attorney: Rhonda Brazile of the Federal Community Defender's Office (*Id*. at PageID.400) The court swore in McGowan, and found that he was competent to enter a plea of guilty. (*Id*. at PageID.400-401)

The court reviewed the contents of the Indictment and the mandatory minimum sentence under Count One with McGowan. (*Id*. at PageID.404) McGowan agreed that "there was a factual basis for the guilty plea and that it was true." (*Id*. at PageID. 410) McGowan stated he understood his case involved a mandatory minimum. (*Id*. at PageID.404) He indicated that no one had "made any promises to him, other than those in the Rule 11." (*Id*. at PageID.410) When the court asked if McGowan was "under a doctor's care or on any medication for anything that might interfere with [his] ability to understand [his guilty plea]," McGowan said "no." (*Id*. at PageID.401) McGowan then agreed that he had reviewed the Rule 11 with his attorney and that he was satisfied with his attorney, without making any mention of any pressure or coercion to sign the plea agreement. (*Id*. at PageID.401-02) The court reviewed all of McGowan's constitutional rights with him.  (*Id*. at PageID.401-03)

The government further reviewed the material terms of the Rule 11 plea agreement with McGowan, which McGowan said he understood. (*Id*., at PageID.401-408) The court took the factual basis from McGowan. In his own words, McGowan stated, "In 2014, I was contacted by a young boy on social media—a platform,

3

PlayStation game console, and I asked him to send me some nude pictures of himself. He was a minor at the time, and I knew it. He took a video of himself and he sent it to me. This happened at my home in Madison Heights, Michigan." (*Id*. at PageID.411) McGowan further stated that "he requested that [MV-1] continue to send him child pornography [for years]." (*Id*.) He indicated that MV-1 was "twelve." (*Id*.)

After the matter was reassigned to the undersigned, in March 2020, McGowan (while represented by counsel) filed a "letter" to withdraw his guilty plea and complained about his attorney-client relationship. (ECF No. 56, PageID.339-340) In the letter, McGowan stated that he was "under tremendous duress due to his anemia … which caused great confusion, he was also experiencing pains very frequently from his umbilical hernia, and that his mother's health was deteriorating." (*Id*.) This court held a hearing and directed McGowan's counsel to fully brief the matter and file a motion by July 21, 2020 and directed the government to respond to the motion. (ECF No. 67, PageID.390)

McGowan's original defense attorney did not file a motion and instead filed a motion to withdraw from the case in July 2020. (ECF No.70)  The court granted the motion and an Order to Withdraw and Substitute Counsel was entered.  (ECF Nos. 72, 73) Current counsel filed an appearance on August 10, 2020.  (ECF No. 74)  On June 17, 2021, current counsel filed a supplemental brief to McGowan's letter-motion

4

seeking to withdraw his plea of guilty.  (ECF No. 82)  A hearing was held on the matter on August 18, 2021.

## III.   ANALYSIS

### A.   Legal Standard

A defendant does not have an absolute right to withdraw his guilty plea. "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280–81 (6th Cir. 2006). "The withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *Id*. (citations omitted). A defendant wishing to withdraw his plea has the burden to show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Hyde*, 520 U.S. 670, 671 (1997). To determine whether a defendant has met that burden, "the district court must review all the circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. York*, 405 F. App'x 943, 949 (6th Cir. 2011) (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

Relevant factors include: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the

failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). This list is "general and nonexclusive." *York*, 405 F. App'x at 948.   The factors are not intended to be scored by some fixed formula. *United States v. Mitchell*, No. 12-CR-20332-01, 2013 WL 2635192, at *2 (E.D. Mich. June 12, 2013). In evaluating the totality of the circumstances, "the court should be mindful that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone." *York*, 405 F. App'x. at 949 (quotation marks omitted) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).

### B.     *Pro Se* motion and Time Elapsed between Plea and Motion and Valid Reason for Delay

McGowan entered his guilty plea on November 19, 2019. About four months later in March 2020, McGowan, while represented by original counsel, filed a "letter" requesting to withdraw his plea. (ECF No. 56, PageID.339-340) His current counsel appeared in August 2020, and waited until June 2021, ten months from his appearance, to file a written supplement to withdraw McGowan's guilty plea. (ECF

No. 82, PageID 464-472)

A court need not consider McGowan's *pro se* letter and petition since he was and is represented by counsel.  Federal law permits a criminal defendant to appear "personally or by counsel." 28 U.S.C. § 1654. District courts have discretion to not consider *pro se* motions filed by defendants represented by counsel. *See United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011). *See also United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) (declining to address defendant's *pro se* arguments because he was represented by counsel).

Even if the court considers McGowan's first letter in March 2020 as the operative date for his motion to withdraw his plea, and not the actual supplemental brief filed by his counsel 18 months after the plea hearing, McGowan still waited, at minimum four months to raise the issue with the court. A delay of either four months or 18 months weighs against withdrawal. The Sixth Circuit routinely holds that delays even as short as 30 days weighs against withdrawal, and longer delays create a strong presumption of denial. *See, e.g., United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (denying motion filed 93 days after plea and explaining that "[t]his court has declined to allow plea withdrawal when intervening time periods were as brief as one month"); *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004) (finding that an "unjustified 75–day delay, alone, supported the court's denial"); *United States v.*

*Smith*, 46 F. App'x 247, 249 (6th Cir. 2002) (finding a 113 day delay "excessive"); *United States v. Jannuzzi*, 2009 WL 579331, *3 (6th Cir. 2009) (finding a 30 day delay to be "at the boundary line between what is acceptable and what is not").

McGowan argues that he delayed "filing the request to withdraw his plea [because of] his failing health." (ECF No. 82, PageID 470) While this court is sympathetic to McGowan's health ailments, his own statements in his petition suggest that the delay is attributable to McGowan's decision to consult others, aside from his then-attorney, about a decision to withdraw his plea. In his petition, McGowan mentioned speaking to people in prison and his mother "to see what he should do," that "he was strongly considering pulling the plea deal", and "if he pull[ed] [his plea] he won't get the medical help he needs at the medical jail and would be stuck in limbo." (ECF No. 76, PageID.438-39) He notes, "a few weeks after asking mom for guidance mom finally lost her battle … that night on March 16, 2020 during my grieving it was now clear as ever I must do this [pull the plea]." *Id*. at 439.

The Sixth Circuit is clear that the relevant date in considering the delay is the date that the court is put on notice by the defendant.  The earliest date would be four months or 18 months after the plea hearing. *See United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) ("although [defendant] may have regretted his plea a mere eleven days after entering it, he allowed six weeks to pass before filing a formal

motion to withdraw it. He explained that the delay was caused by difficulty in contacting his attorney, but the court found that, with two prior convictions, [defendant] amply knew how to contact counsel if he wanted*."); United States v. Jackson*, 751 F. App'x 749, 751–52 (6th Cir. 2018) ( A "delay of three months before advising the court that he wanted to withdraw his plea weigh heavily against him."). McGowan's statements do not sound like someone who "hastily entered into a deal with an unsure heart and confused mind." McGowan has not met his burden that there are valid grounds for not bringing the motion to withdraw at an earlier time. McGowan's claim of health issues, which are well documented, is not a valid reason for the delay since McGowan's health has been at issue since his initial arraignment, and was addressed by the Sixth Circuit in reversing the court's order granting McGowan's Motion for Revocation of Detention Order. (See ECF Nos. 68, 78) The elapsed time between McGowan's plea and the filing of his motion to withdraw the plea–either four or 18 months–and his reasons for delay weigh against McGowan.

## C.    Actual innocence

McGowan now argues that he is innocent, but he admitted to agents in a recorded interview that he committed the crimes he pleaded guilty to, which shows that his claim is not credible. *See United States v. Gasaway*, 437 Fed. App'x 428, 434 (6th Cir. 2011). The government argues that McGowan's statements about MV-1

being a "grown man" and indicating that he "corrected" the court about MV-1's age, cut against his innocence claim because it shows that McGowan knows MV-1's identity, which McGowan would only know from committing his crimes. (ECF No. 76, PageID.434-36) McGowan signed a Rule 11 plea agreement confirming his guilt and the factual basis for the charge. (ECF No. 45)  McGowan testified at his plea hearing that he was pleading guilty because he was guilty and provided an oral factual basis to the court. (ECF No. 69, PageID.410-11)

The Sixth Circuit has recognized that the absence of a defendant's vigorous and repeated protestations of innocence can support the denial of a motion to withdraw a guilty plea. *United States v. Baez,* 87 F.3d 805, 809 (1996). At minimum, a defendant should not be permitted to withdraw his guilty plea where he admitted his guilt at a plea hearing, did not assert his innocence until much later, and there is no evidence of unusual circumstances underlying the plea. *Id.*; *see also United States v. Gregory*, Case No. 00-2240, 41 F. App'x 785, 792 (6th Cir. 2002)("[B]elated claims of innocence without more are simply insufficient to justify withdrawal of a guilty plea.").

In this case, McGowan was recorded admitting his guilt, signed a Rule 11 Agreement with factual statements admitting to guilt, and, in his own words at the plea hearing, admitted he was guilty and to the facts supporting his guilt. McGowan's

letters to the court filed in March 2020 and another letter received in August 2020 do not assert innocence.  (ECF Nos. 56 and 76) The actual innocence factor weighs against McGowan since he has not shown that he asserted his innocence until after he entered his guilty plea.

### D.   Circumstances underlying the entry of the guilty plea

The circumstances underlying the entry of guilty plea factor weighs against permitting withdrawal of the guilty plea.  McGowan was advised and represented by experienced criminal defense attorneys, two of which he names in his various filings who have worked in the Federal Community Defender's Office for several years. McGowan had "ample time to review the evidence and evaluate his decision to plead guilty." *United States v. Jackson*, No. 11-20493, 2013 WL 6092822, at *2 (E.D. Mich. Nov. 19, 2013).  A motion to suppress was filed in this matter, which was denied by the court, where evidence was presented to the court which shows that McGowan was aware of the evidence against him and had time to review such in evaluating his decision to plead guilty. (ECF No. 34)

The plea colloquy at the November 19, 2019 hearing demonstrates that McGowan was fully advised of his rights, and that he knowingly and voluntarily chose to plead guilty. The court asked McGowan what he did to be guilty and he so responded.  A defendant's plea of guilty based on a factual basis statement on the

record, with more than just "yes" or "no" answers, also weighs against allowing the withdrawal. *See United States v. Culp*, 608 F. App'x 390, 391 (6th Cir. 2015) ("The district court took precautions to ensure that [defendant] entered his guilty plea thoughtfully, not under coercion, and with a sound mind. The circumstances underlying [defendant's] guilty plea provide no reason to allow him to withdraw it."); *Ellis*, 470 F.3d at 285 ("The record indicates that defendant understood what he was doing and the constitutional rights he was waiving when he entered the guilty plea. The circumstances surrounding the entry of the guilty plea, therefore, support an affirmance of the district court's denial of the motion to withdraw the plea.").

McGowan now argues that his medical conditions and familial circumstances "support a conclusion that Mr. McGowan's mental state at the time of his plea was insufficient to support an inference of a knowing and voluntary plea." (ECF No. 82, PageID 470) However, when the court asked McGowan if he was "under a doctor's care or on any medication for anything that might interfere with [his] ability to understand [his guilty plea]," McGowan said "no." (ECF No. 69, PageID.401) McGowan also answered all the court's questions directly, in a manner consistent with an understanding of the questions. McGowan did not indicate he was suffering at that time from "illness, weakness, cognitive defect, and other values." (ECF No. 82, PageID.470) As previously indicated, McGowan's medical issues have been at issue

12

since his initial arraignment, but has not prevented McGowan from appearing in court or write letters to the court.

McGowan submitted supplemental medical records (ECF No. 87 Sealed), showing that in May and June 2019 he was hospitalized with low hemoglobin and weakness, but that he was "oriented to person, place, and time…and appears well developed." *Id.* There is no showing that at the time of his plea hearing in November 2019, McGowan was disoriented. McGowan did not raise any medical concerns or lack of treatment at the hearing. McGowan's defense attorney noted at the end of the hearing, "Mr. McGowan has some significant health problems that have been monitored and treated while he's at the Milan facility. I understand that his counselor is reserving his spot, because they had some medical procedures that they were going to perform on him sometime this week. We are asking that the marshals take him back to Milan tomorrow, so that he can continue his medical care, while at the Milan facility." (ECF No. 69, PageID.413)

The nature of the circumstances of the entry of the plea weighs against McGowan because he had ample time to review the evidence and the plea agreement, that the court questioned McGowan as to the facts underlying his plea of guilty during the hearing, and that he has not shown his medical issues affected his ability to enter into a knowing and voluntary plea of guilty.

13

### E.    Nature and Background

McGowan's appearances in court shows that he understood the proceedings.

He is sufficiently educated and has been able to sufficiently navigate the internet.

McGowan did not complete high school, but attended and completed the eleventh

grade, and attended the Ross Medical Institute to obtain his Emergency Medical

Technician certificate. McGowan has been employed at various jobs. There is nothing

in the record indicating that McGowan failed to understand the Rule 11 Plea

Agreement and that he was entering a plea of guilty on the record in November 2019.

This factor weighs against the withdrawal of the plea.

### F.    Prior experience with the criminal justice system

McGowan has no prior criminal history.

### G.    Prejudice to the Government

"[T]he government is not required to establish prejudice that would result from

a plea withdrawal, unless and until the defendant advances and establishes a fair and

just reason for allowing the withdrawal." *Ellis*, 470 F.3d at 285.  McGowan claims the

government is not prejudiced by the withdrawal of the plea because it has known

about McGowan's medial claims since his arrest and has known of McGowan's desire

to withdraw his plea when McGowan wrote the letter to the court.  The government

argues that it would suffer significant prejudice in this case if McGowan were

14

permitted to withdraw his plea, for several reasons.

The government notes that this case involves minor victims who have undergone significant trauma because of McGowan's actions. The government asserts that allowing McGowan to withdraw his guilty plea would rob the victims of any semblance of finality and disrupt their lives further, especially if they are later required to testify. The government also notes that significant time has passed since the charged crimes occurred, which makes it far more difficult for the government to find the relevant witnesses and less likely that the witnesses will be cooperative in testifying. *United States v. Martin*, 668 F.3d 787, 797 (6th Cir. 2012) (finding that the "effect of delay on individuals' memories would be prejudicial").

Based on the above, the court finds that McGowan has not carried his burden to show a fair and just reason for allowing the withdrawal of his guilty plea. The court further finds that the government has shown that it will be prejudiced if McGowan is allowed to withdraw his plea.

## III.   CONCLUSION

Weighing the factors set forth above, McGowan has not shown that there is a fair and just reason for the court to grant his request to withdraw his plea of guilty. McGowan's guilty plea was voluntarily and knowingly made.

Accordingly,

15

IT IS ORDERED that Defendant's Letter-Motion to Withdraw his Plea of Guilty (ECF Nos. 56, 82) is **DENIED.**


s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 1, 2022

16