UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                          Criminal Action No. 18-20804
v.                                    HONORABLE DENISE PAGE HOOD

PATRICK McGOWAN,

    Defendant.
_____/

## ORDER DENYING MOTION FOR TRANSCRIPT AND WARRANT (#109), MOTION/REQUEST TO APPOINT COUNSEL (#s 110, 115) AND MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (#114)

This matter is before the Court on Defendant Patrick McGowan's various motions seeking copies of transcripts and warrants, appointment of counsel, and for leave to proceed in forma pauperis. (ECF Nos. 109, 110, 114, 115) On February 17, 2023, the Court imposed a term of 240 months of imprisonment after McGowan entered a plea of guilty on Count 1 of the Indictment, 18 U.S.C. § 2251(a), Production of Child Pornography, to be followed with a supervised release for a term of five years. (Judgment, ECF No. 108) McGowan filed Notice of Appeal on March 3, 2023, which was voluntarily dismissed on May 30, 2023. (ECF Nos. 106 and 112, 113) It appears McGowan may instead be filing at some future date an action under 28 U.S.C. § 2255. (See Notice, ECF No. 111)

As to McGowan's motion/request for transcripts, there is no requirement for

a motion or court approval because litigants directly contact the applicable court reporter for a transcript and directly pays the court reporter the applicable fee for the transcript. However, a criminal defendant in an ongoing criminal action who is proceeding under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, is able to obtain transcripts after counsel or a defendant proceeding *pro se*, submits Form CJA 24 directly to the appropriate court reporter. Transcripts are generally approved for a current *open* criminal matter, an appeal, or a motion under 28 U.S.C. § 2255. The Supreme Court has held that the expenditure of public funds is proper only when authorized by Congress. *See United States v. MacCollom,* 426 U.S. 317, 321 (1976). The Court Reporters Act provides that a court reporter may charge and collect fees for transcripts requested by parties and that fees for transcripts furnished in criminal proceedings to persons under the CJA shall be paid by the United States out of moneys appropriated for those purposes. 28 U.S.C. § 753(f). The CJA provides that "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). "Other services" covers the expense of transcripts so long as there is sufficient showing of need and status under the CJA. *United States v. Brown,* 443 F.2d 659, 660 (D.C. Cir. 1970).

In this case, the appeal has been dismissed and there are currently no post-judgment motion filed under 28 U.S.C. § 2255, which is a civil case filed separately from the criminal action. Generally, a criminal defendant may seek to open a civil case under 28 U.S.C. § 2255 by submitting the motion under Form AO 243. The Court cannot approve McGowan's request for his sentencing transcripts since there are no current proceedings before the Court that are eligible under the CJA. McGowan is able to directly contact the court reporter to request a transcript by paying the applicable fee for such transcript without court approval. As to documents filed in this criminal case, McGowan is able to obtain copies of those from his criminal defense counsel who has custody of his file.

Accordingly,

IT IS ORDERED that Defendant Patrick McGowan's Motion for Transcript and for Application for Warrant Affidavit **(ECF No. 109)** is DENIED. McGowan may directly contact the appropriate court reporter for a copy of any transcript and directly pay the court reporter. McGowan may obtain a copy of the warrant affidavit from his defense counsel.

IT IS FURTHER ORDERED that the Motion and Request to Appoint Counsel **(ECF Nos. 110, 115)** are DENIED since a Judgment has been entered in this closed criminal matter and there is currently no other matter pending in this

criminal action.

IT IS FURTHER ORDERED that the Motion for Leave to Proceed In Forma Pauperis **(ECF No. 114)** is DENIED, since there is no requirement for such a motion in this criminal action. McGowan may obtain copies of documents in his criminal case from defense counsel.

s/Denise Page Hood<br>DENISE PAGE HOOD<br>United States District Judge

DATED:  February 14, 2024